UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAYTON GARDENS,<br>   Plaintiff,<br> v.<br>NATHAN PARSONS,<br>   Defendant. | Case No. 25-cv-03414-JCS<br><br>**ORDER TO SHOW CAUSE** |

  Defendant Nathan Parsons removed this unlawful detainer case from the California Superior Court, County of Contra Costa, on the basis of federal question jurisdiction under 28 U.S.C. §§ 1331. Parsons is proceeding pro se and has been granted in forma pauperis status in this action. *See* Docket No. 4. Because it appears that this Court does not have removal jurisdiction over this action, Parsons is ORDERED TO SHOW CAUSE why the case should not be remanded to the Superior Court.

  Federal courts have limited subject matter jurisdiction and may only hear cases falling within their jurisdiction. A defendant may remove a civil action filed in state court if the action could have been filed originally in federal court. 28 U.S.C. § 1441. The removal statutes are construed restrictively so as to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108−09 (1941). The Ninth Circuit recognizes a "strong presumption against removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotations omitted). Any doubts as to removability should be resolved in favor of remand. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). A district court may remand a case to state court sua sponte if it determines that jurisdiction is lacking. 28 U.S.C. § 1447(c); *see Smith v. Mylan, Inc.*, 761 F.3d 1042, 1043 (9th Cir. 2014).

Defendant's Notice of Removal in this case invokes federal question jurisdiction. *See* Notice of Removal at p. 3. Federal question jurisdiction under § 1331 encompasses civil actions that arise under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turns on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088 (9th Cir. 2002) (citations omitted). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). A federal question must arise from the complaint—it is "settled law that a case may not be removed to federal court on the basis of a federal defense." *Caterpillar*, 482 U.S. at 393.

Here, the Complaint is for unlawful detainer under California law. Although Parsons asserts that the plaintiff's action to evict him is in retaliation for his request for reasonable accommodation of a disability and therefore violates the federal Fair Housing Act and the Americans with Disabilities Act, Notice of Removal at p. 3, these are federal defenses and do not provide a basis for removal jurisdiction.[1] *See Caterpillar*, 482 U.S. at 393.

Nor can Parsons avoid this rule under *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), cited in the Notice of Removal. Notice of Removal at 3-4. In that case, the plaintiff brought an action to quiet title to land that had been seized by the IRS and subsequently sold to the defendant. 545 U.S. at 310-311. The plaintiff claimed that the defendant's record title was invalid because the IRS had failed to give notice of the seizure in "the exact manner required" by federal law. Thus, the claim asserted by the plaintiff was found to be sufficient to support removal under 28 U.S.C. § 1441(a) because it "turn[ed] on [a] substantial question[ ] of federal law." *Id.* at 312. In contrast, the question of whether the

---

[1] Of course, claims asserted under these federal statutes likely would give rise to original jurisdiction under 28 U.S.C. § 1331 if they were to be filed in a separate action. Nothing contained in this Order prevents Parsons from filing such an action in federal court.

1  plaintiff engaged in disability discrimination is not apparent from the face of the complaint and is
2  asserted as a defense in this case.
3  Accordingly, Defendant Parsons is ORDERED TO SHOW CAUSE why this case should
4  not be remanded to the California Superior Court, County of Contra Costa, by filing a brief, not to
5  exceed ten pages, **no later than May 9, 2025.** Plaintiff, who is not represented by counsel, is
6  encouraged to consult with the Federal Pro Bono Project's Legal Help Center in either of the
7  Oakland or San Francisco federal courthouses for assistance.  The San Francisco Legal Help
8  Center office is located in Room 2796 on the 15th floor at 450 Golden Gate Avenue, San
9  Francisco, CA 94102.  The Oakland office is located in Room 470 S on the 4th floor at 1301 Clay
10 Street, Oakland, CA 94612.  Appointments, which may be in-person or remote (Zoom or
11 telephone) can be made by calling (415) 782-8982 or emailing fedpro@sfbar.org.  Lawyers at the
12 Legal Help Center can provide basic assistance to parties representing themselves but cannot
13 provide legal representation.
14 **IT IS SO ORDERED.**
15 Dated:  April 22, 2025

JOSEPH C. SPERO
Chief Magistrate Judge